ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST FOR AN ATTORNEY GENERAL OPINION ASKING WHETHER A CONFLICT OF INTEREST EXISTS WHEN A PERSON EMPLOYED BY THE OKLAHOMA PEANUT COMMISSION AS A FIELD CONSULTANT IS ALSO EMPLOYED BY AN AGRICULTURAL CHEMICAL COMPANY AS A CONSULTANT IN THE DEVELOPMENT AND MARKETING OF PRODUCTS USEFUL TO PEANUT GROWERS. UNFORTUNATELY, THIS OFFICE IS UNABLE TO ISSUE AN OFFICIAL OPINION REGARDING WHETHER A CONFLICT OF INTEREST EXISTS IN SUCH A SITUATION. THE STATUTES GOVERNING CONFLICTS OF INTEREST FOR STATE EMPLOYEES ARE SET FORTH AT 74 O.S. 4241 [74-4241] (1986). A COPY OF THESE STATUTES IS ENCLOSED. AS CAN BE SEEN BY A REVIEW OF THE STATUTES, THERE IS NO PER SE PROHIBITION AGAINST A STATE EMPLOYEE HAVING OTHER SUCH EMPLOYMENT, PRESUMABLY WHERE THE HOURS DO NOT CONFLICT. EACH OF THE PROHIBITIONS CONTAINED UNDER 4241 REQUIRES EVIDENCE OF INTENT, I.E., "FOR THE PURPOSE OF INFLUENCING SUCH EMPLOYEE," OR "TO SECURE SPECIAL PRIVILEGES," WHERE HIS "INDEPENDENCE OF JUDGMENT" MIGHT BE IMPAIRED, AND SO ON. THIS OFFICE IS, OF COURSE, NOT IN A POSITION TO DETERMINE WHETHER IN ANY PARTICULAR INSTANCE ANY OF THESE STATUTES WOULD BE VIOLATED. RATHER, IN THE FIRST INSTANCE, THE PEANUT COMMISSION SHOULD EXAMINE THE SITUATION TO DETERMINE WHETHER IT APPEARS TO THE COMMISSION THAT THERE IS A CONFLICT OF INTEREST. IF IT BELIEVES A CONFLICT MAY EXIST, IT SHOULD CONTACT THE LIAISON ATTORNEY FOR THE COMMISSION IN THIS OFFICE IN ORDER TO DETERMINE HOW BEST TO DEAL WITH THIS SITUATION. (SUSAN BRIMER LOVING)